IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 15-3071-01-CR-S-MDH |
|---|---|
| Plaintiff, | **COUNT 1:**<br>18 U.S.C. § 1344<br>NMT 30 Years Imprisonment<br>NMT $1,000,000 fine<br>NMT 5 Years Supervised Release<br>Class B Felony<br>Mandatory Restitution |
| v. | |
| **BRUCE SWISSHELM,**<br>[DOB: 01/01/1947], | |
| Defendant. | |
| | **COUNT 2**<br>18 U.S.C. § 1957<br>NMT 10 Years Imprisonment<br>NMT $250,000 fine<br>NMT 3 Years Supervised Release<br>Class C Felony<br>Mandatory Restitution |
| | **FORFEITURE ALLEGATION**<br>18 U.S.C. § 981(a)(1)(C)<br><br>$100 Special Assessment (each count) |

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

At all times material to this Information:

### COUNT 1

### Background

1. Between April 20, 2005, and March 14, 2012, said dates being approximate, the defendant, **BRUCE SWISSHELM**, owned and operated two corporations known as Horned Frog Deli, Inc. (HFDI) and Swisshelm Properties, Inc. (SPI).

2. During the aforementioned mentioned period of time, the defendant's corporations owned and developed commercial properties in Springfield, Missouri, and elsewhere. The defendant's businesses specialized in the restaurant industry. The defendant owned and operated Burger King restaurants, Macaroni Grill restaurants, San Francisco Oven restaurants, McAlister's Deli restaurants, Ebbett's Field restaurants, and a Fog City Coffee restaurant, through either SPI or HFDI.

## Introduction

3. Between February of 2011, through July of 2011, said dates being approximate, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, **BRUCE SWISSHELM**, devising a scheme and artifice to defraud Great Southern Bank, a financial institution, as defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, and assets owned by or under the custody or control of Great Southern Bank, by means of materially false or fraudulent pretenses, representations, or promises.

## The Scheme

4. Paragraphs 1 through 3 are hereby re-alleged and incorporated by reference, as if set forth in full herein, for the purpose of alleging a scheme and artifice to defraud.

5. The defendant's duties as the owner and president for both SPI and HFDI included but were not limited to, the submission of loan documents, the negotiation of loans with financial institutions, and the final approval of all financial and loan agreements with financial institutions.

6. Between February and June of 2011, the defendant and others, met with Great Southern Bank financial officers to apply for commercial loans that would fund both SPI and HFDI, and the corresponding restaurants.

7. As part of the commercial loan application process, Great Southern Bank requested HFDI's and SPI's tax documents for the previous year to determine the financial stability of the corporations and assess the risk that the loans would not be repaid.

8. The defendant falsely informed officials with Great Southern Bank the 2010 tax returns for both HFDI and SPI were incomplete and unavailable during his application for the commercial loans, while, in fact, they were completed and available at that time.

9. In lieu of the tax documents, the defendant offered to present corporation prepared financials for HFDI and SPI that Great Southern Bank could use when determining whether to approve the commercial loans.

10. The defendant never truthfully disclosed HDFI's or SPI's tax records to Great Southern Bank prior to or during the commercial loan application process that lasted from February to June of 2011.

11. Between February and June of 2011, the defendant met with Great Southern Bank loan officers and presented the corporation prepared financials that fraudulently purported a net income of over $780,000 for both HFDI and SPI during the 2010 fiscal year. The defendant presented HDFI's and SPI's financial statements in support of his commercial loan application to Great Southern Bank.

12. Great Southern Bank relied on the information within the aforementioned financial statements provided by the defendant and approved four commercial loans for HDFI and SPI that totaled $5,592,583.97.

13. The defendant's 2010 tax documents submitted to the Internal Revenue Service, revealed that HFDI and SPI in truth and fact collectively lost in excess of $1,800,000 during the 2010 fiscal year.

14. Had Great Southern Bank known the true and accurate financial information of HFDI and SPI, they would not have authorized any loans to the defendant or his two corporations.

15. At all times during which the defendant perpetrated this fraud, Great Southern Bank was a financial institution that was insured by the Federal Deposit Insurance Corporation (FDIC).

16. In total, the defendant defrauded Great Southern Bank of $5,592,583.97.

## The Charge

17. On or about February 1, 2011, through June 25, 2011, said dates being approximate, in Greene County, in the Western District of Missouri, and elsewhere, the defendant, **BRUCE SWISSHELM**, knowingly devised and executed a scheme and artifice to defraud a financial institution, and obtain money, funds, credits securities, and other property owned by and under the custody of Great Southern Bank, by means of false and fraudulent pretenses, representations, and promises, all in violation of Title 18, United States Code, Section 1344.

## COUNT 2

18. On or about April 6, 2011, said date being approximate, in Newton County, in the Western District of Missouri, and elsewhere, the defendant, **BRUCE SWISSHELM**, knowingly engaged and attempted to engage in a monetary transaction by, and through a financial institution, effecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal of funds, namely check number 011209, drawn on Arvest Bank account number XXXX7390, in the amount of $60,000.00, such property having been derived from a specified unlawful activity, that being bank fraud, pursuant to Title 18, United States Code, Section 1344, all in violation of title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION

19. The allegations of Count 1 in this information are hereby repeated and re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to the provision of Title 18, United States Code, Sections 981(a)(1)(C), 1956(c)(7), 1961(1), and Title 28, United States Code, Section 2461(c).

20. The property, real and personal, of defendant **BRUCE SWISSHELM**, obtained, directly or indirectly, as a result of the violation of law set out in Count 1 of this information and which constitutes, is derived from, and is traceable to the proceeds obtained directly or indirectly from the criminal conduct alleged in Count 1 of this information, is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

21. Specifically subject to forfeiture is property valued at **$5,592,583.97** in United States Currency, in that such sum in the aggregate constitutes the proceeds, the defendant obtained directly from the commission of the offense alleged in Count 1.

22. If any of the property described in the above paragraph, as a result of any act or omission of the defendant,

> (A) cannot be located upon the exercise of due diligence;
>
> (B) has been transferred to, sold to, or deposited with a third person;
>
> (C) has been placed beyond the jurisdiction of the Court;
>
> (D) has been substantially diminished in value; and/or
>
> (E) has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), which is incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 20 above, or elsewhere, as being subject to forfeiture.

Tammy Dickinson
United States Attorney

By _____ for
Patrick A.N. Carney
Assistant United States Attorney

DATED: 7/22/15
Springfield, Missouri