# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-3071-01-BCW |
| ) | |
| BRUCE SWISSHELM ) | |
| Defendant. ) | |
| ) | |

## SENTENCING MEMORANDUM

Comes now, Teresa Grantham Fiester, and fifteen days prior to sentencing files this Sentencing Memorandum on behalf of Defendant Bruce Swisshelm.

### *3553 CONSIDERATIONS*

**(1) nature and circumstances of the offense and the history and characteristics of the defendant;**

The nature and circumstances of the offense do not include violence, threats, or danger to the community. Mr. Swisshelm lived an exemplary life with a successful and distinguished career prior to the events that led him to be charged in this case. He began his career in teaching and sports and then went into business. He was able to contribute his time and money to charities, boards, and promoting business in the community. He has had a stable marriage, raised children and still assists with his grandchildren.

His volunteer history was previously filed as an Exhibit for sentencing. Aberrant behavior is a factor the Court can consider under 18 U.S.C. § 3553 in finding that a guideline sentence of 57 months is reasonable. It is clear from everything presented to

date that this was a marked deviation by Mr. Swisshelm from what was an otherwise law-abiding life.

> **(2) the need for the sentence imposed;**
> **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The seriousness of the offense is reflected in his felony conviction. Mr. Swisshelm accepted responsibility in this case prior to any Indictment being filed and entered a plea of guilty to an Information upon the request of the government. The public nature of the prosecution and his willingness to accept responsibility so willingly promotes respect for the law and should be a consideration in determining adequate punishment.

> **(B) to afford adequate deterrence to criminal conduct;**

After November 1, 2001, the guideline ranges for defendants convicted of serious fraud and related white-collar crimes were substantially increased. Since then the media has reported on lengthy sentences received by a number of white-collar defendants. The public in general, and potential white-collar criminals in particular, have become aware of the substantial risk of imprisonment for lengthy periods if they commit crimes of this nature.

> **(C) to protect the public from further crimes of the defendant;**

A review of the Presentence Investigation and the facts of the case itself show that Mr. Swisshelm is extremely unlikely to violate the law for the remainder of his life. A Guideline sentence of 57 months is wholly punitive enough to protect the public from future crimes, especially in light of the fact that he has zero criminal history points. He

thus poses the lowest possible risk of recidivism, and creates the lowest possible need to protect the citizenry.

Mr. Swisshelm has lost all ability to engage in financial transactions of any type and has no ongoing business operations. Mr. Swisshelm had ended his career and relies on Social Security income to provide food and necessities for his spouse.

Regarding the need for restitution to the victim, the defendant had already submitted an Offer of Judgment to Great Southern Bank prior to his receipt of a target letter from the government in this investigation. The **nondischargeable** judgment was entered on March 18, 2013 and was previously filed as an exhibit for sentencing. The plea agreement mirrors this judgment. The court was made aware through the Joint Stipulation Regarding Restitution Payments filed May 18, 2017 that Defendant is paying resitution in this case.

**(D) to provide the defendant with education, care or treatment;**

Mr. Swisshelm is not in need of educational or vocational training. He is a college graduate and attended Consumer Education as part of his bankruptcy proceeding. Mr. Swisshelm is not a drug user and does not need any type of substance abuse treatment. Any sentence the Court considers should take into account the fact that Mr. Swisshelm will not qualify for the Residential Drug Abuse Program because he has never abused drugs or alcohol. As such, he would not be eligible for a one-year reduction from his sentence. So, in essence, he is facing greater punishment than a person in the exact same circumstances who uses illegal drugs. Such a result is untenable and a minimum guideline sentence is fair.

### ***CONCLUSION***

Upon correctly calculating the Guideline range, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a). In this case, such a sentence should be 57 months.

          /s/ Teresa Grantham Fiester
          TERESA GRANTHAM FIESTER
          Missouri Bar 48473
          ATTORNEY FOR DEFENDANT

Grantham Fiester Law, LLC
3010 E. Battlefield
Springfield, Missouri 65804
Telephone: 417/831-3682
Telecopy: 417/986-3616

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing was e-mailed via ECF system to the United States Attorney's Office this 14th day of August, 2017.

          /s/ Teresa Grantham Fiester
          Teresa Grantham Fiester